IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM A. LUCAS-BEY,            )
                                 )
              Petitioner,        )
                                 )
         v.                      )    1:07CV275
                                 )
ANTHONY HATHAWAY, III,           )
                                 )
              Respondent.        )

**MEMORANDUM OPINION AND ORDER**

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As reflected by the records before the Court and admitted in the petition, Petitioner pled guilty to second-degree murder in case number 04-98-CRS-76850. He entered his plea in the Guilford County Superior Court on January 11, 1999 and was sentenced, in accordance with his plea agreement, to 216-269 months imprisonment. Petitioner did not appeal.

Although Petitioner requested copies of records from his file in February 1999, he took no further action regarding his conviction until May 8, 2000, when he filed a motion for appropriate relief ("MAR") in Guilford County Superior Court. That court summarily denied the motion on June 14, 2000. Petitioner's second MAR, filed July 21, 2001, was summarily denied on August 8, 2001. Petitioner next filed a pro se petition for certiorari in the North Carolina Court of Appeals on February 5, 2003, which was

denied, like his earlier efforts, on February 25, 2003.  For four years following this denial, Petitioner submitted nothing further.  Then, on February 7, 2007, he filed a pro se "petition for plain error review" in the North Carolina Supreme Court.  He filed his pro se federal habeas petition in this Court just two months later.

## Discussion

Respondent requests dismissal on the ground that the petition was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA").  28 U.S.C. § 2244(d)(1).  The AEDPA and its amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996.  Lindh v. Murphy, 521 U.S. 320 (1997).  Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another, meaning that both are "ordinary statutes of limitation and not jurisdictional bars."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

The one-year period for habeas petitions starts running from the date the conviction becomes final at the end of direct review.  Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).  Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition.  Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002); see also United States v. Segers, 271 F.3d 181 (4th Cir. 2001)(federal conviction).

-2-

The limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

The Fourth Circuit, as well as a number of other courts, have also held that the one-year limitation period is subject to equitable tolling in two limited circumstances. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). First, it may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. Second, it may apply when extraordinary circumstances beyond the prisoner's control prevent him from timely filing despite diligent attempts to do so. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000).

In contrast, unfamiliarity with the legal process, lack of representation, and illiteracy do not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as such a ground, Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272, nor do prison conditions, including

lockdowns or misplacement of legal papers, Akins, 204 F.3d 1086. Finally, a prisoner must show diligence not only at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

In the instant case, the petition is more than seven years out of time. Because Petitioner pled guilty, his one-year limitation period began to run on January 11, 1999, the day the court entered judgment, and expired on January 10, 2000. His state court filings did nothing to extend this period, since neither his MARs nor his petitions to the State's appellate courts were filed within the one-year period. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000)(post-conviction relief sought after the one-year period of limitations has already expired cannot revive the filing period).

However, Petitioner argues that, because the trial court failed to advise him of his right to appeal, his claims are not time-barred. Unfortunately for Petitioner, even if such a failure occurred, it does not serve as a ground for equitable tolling. As stated above, the discretionary doctrine of equitable tolling only applies in two situations: where a petitioner was unable to assert his claims due to the defendant's "wrongful conduct" which prevented him from filing an appeal, or where "extraordinary circumstances" beyond petitioner's control prevented him from filing on time. See Harris, supra. Neither situation exists in the present case. Petitioner makes no pretense that extraordinary circumstances prevented him from filing, nor did lack of

information regarding state appellate procedure actually prevent him from timely seeking collateral review in state or federal court.

Finally, waiting years to raise claims in state and federal court shows lack of due diligence. Pace, supra. The prisoner must show diligence throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). Petitioner showed no diligence in pursuing his claims, but instead waited for years between the time direct review ended and the time he next sought any relief in state court, and then years before he sought relief in federal court. This forecloses his receiving an exception to the statute of limitations.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (docket no. 4) is granted, that the habeas petition (docket no. 1) is denied, and that this action be, and the same hereby is, dismissed.

_____
**United States Magistrate Judge**

November 20, 2007